**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| KENNETH ANTOINE CHLOE,<br><br>                    Plaintiff,<br>v.<br><br>GEORGE WASHINGTON UNIVERSITY,<br><br>                    Defendant. | Civ. Action No. 20-3090<br>(EGS) |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff Kenneth Antoine Chloe ("Mr. Chloe"), proceeding *pro se*, brings this lawsuit against the George Washington University ("GWU") alleging a violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615, *et seq.*, in connection with the termination of his employment with GWU. *See* Compl., ECF No. 1. Pending before the Court is GWU's Second Motion to Dismiss. *See* ECF No. 15-1. In response to the Second Motion to Dismiss, Mr. Chloe filed a putative motion to strike, which the Court construes as an opposition to the motion. *See* ECF No. 17. Upon consideration of the motion, opposition so construed, the response, the applicable law, and the entire record, GWU's Motion to Dismiss is **DENIED.**

I.   **Factual Background**

Mr. Chloe alleges "that on October 1, 2020 [GWU] violated [the] Family and Medical Leave Act of 1993 by terminating [him]

1

while [he] was actively on [FMLA leave]." ECF No. 1 at 3-4. Mr.
Chloe alleges that his supervisor was aware that he was on FMLA
leave. *Id.* at 4. Mr. Chloe also alleges that he is qualified to
receive unemployment insurance benefits because GW "did not
provide evidence to show that [he] engaged in misconduct." *Id.*
at 5. In support, Mr. Chloe cites the "Determination by Claims
Examiner," *id.*; but did not attach that document to his
complaint. Mr. Chloe did, however, attach the document to his
putative Motion for Summary Judgment filed on the same date as
his Complaint. Claims Examiner Determination, ECF No. 2-2 at 48.[1]
The District of Columbia Department of Employment Services
Office of Unemployment Compensation Determination by Claims
Examiner states: "The claimant indicated he was discharged for
not being able to take a test required by the employer. The
claimant stated he was not able to follow the instructions of
the employer because he was out on approved FLMA" leave. *Id*. The
determination further indicated that GWU "was contacted and
instructed to provide proof of misconduct" but GWU did not do
so. *Id*. Accordingly, Mr. Chloe was deemed qualified to receive
unemployment benefits effective October 4, 2020. *Id.*

---

[1] The Court considers this document to be incorporated into the
Complaint because Mr. alleges that he is qualified to receive
unemployment insurance benefits because GW "did not provide
evidence to show that [he] engaged in misconduct" and cites the
"Determination by Claims Examiner." Compl., ECF No. 1 at 5.

## II.   Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007) (internal quotation marks omitted).

Despite this liberal pleading standard, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (internal quotation marks omitted). "In determining whether a complaint fails to state a claim, [the Court] may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the Court] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Schl.*, 117 F.3d 621, 624 (D.C. Cir. 1997). A claim is facially plausible when the facts pled in the complaint allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The standard does not amount to a "probability requirement," but it

does require more than a "sheer possibility that a defendant has acted unlawfully." *Id.*

"[W]hen ruling on a defendant's motion to dismiss [pursuant to Rule 12(b)(6)], a judge must accept as true all of the factual allegations contained in the complaint." *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (internal quotation marks omitted). In addition, the court must give the plaintiff the "benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). A "*pro se* complaint is entitled to liberal construction." *Washington v. Geren*, 675 F. Supp. 2d 26, 31 (D.D.C. 2009) (citation omitted). Even so, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not sufficient to state a claim. *Iqbal*, 556 U.S. at 678.

## III. Analysis

The FMLA provides that it shall be unlawful for an employer "to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter[,]" or "to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a)(1),(2). "[A] plaintiff may bring retaliation claims under 2615(a)(1) by alleging an employer discriminated against [him] for taking FMLA

4

leave." *Waggel v. George Washington University*, 957 F.3d 1364, at 1375 (D.C. Cir. 2020) (citing *Gordon v. U.S. Capitol Police*, 778 F.3d 158, 161 (D.C. Cir. 2015) (citing *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1367–68 (D.C. Cir. 2000)). To state a retaliation claim, a plaintiff must allege facts to "show that [he] engaged in a protected activity under this statute; that [he] was adversely affected by an employment decision; and that the protected activity and the adverse employment action were causally connected." *Gleklen*, 199 F.3d at 1368. "[A] plaintiff may [also] bring interference claims under § 2615(a)(a) . . . ." *Waggel,* 957 F.3d at 1375 (citing *Gordan*, 778 F.3d at 164 (citing *McFadden v. Ballard Spahr Andrews & Ingersoll, LLP*, 611 F.3d 1, 6 (D.C. Cir. 2010)). "To prevail on an FMLA interference claim, a plaintiff must show (1) employer conduct that reasonably tends to interfere with, restrain, or deny the exercise of FMLA rights, and (2) prejudice arising from the interference." *Id.* at 1376 (citing *Gordon*, 778 F.3d at 164–65; *McFadden*, 611 F.3d at 7 (citing *Ragsdale v. Wolverine World Wide Inc.*, 535 U.S. 81, 89, (2002)).

GWU addresses only whether Mr. Chloe adequately alleged a retaliation claim, arguing that he has not because he has provided "no factual allegations regarding the circumstances of his termination that would permit an inference that it was related to FMLA leave." Mot. to Dismiss, ECF No. 15-1 at 8.

5

However, Mr. Chloe has stated an interference claim. First, he has alleged "employer conduct that reasonably tends to interfere with, restrain, or deny the exercise of FMLA rights," *Waggel*, 957 F.3d at 1376; because he alleges that he was fired for not taking a test that he was unable to take because he was on FMLA leave. Second, he has shown "prejudice arising from the interference," *id.*; because his employment was terminated. *Cf. Lewis v. School District #70*, 523 F.3d 730, 743 (7th Cir. 2008) (reversing grant of summary judgment for the employer on an FMLA interference claim where the employer fired the employee who had been on intermittent FMLA leave because she did not keep up with full-time responsibilities). Accordingly, it is

**ORDERED** that GWU's Motion to Dismiss is **DENIED.**

**SO ORDERED.**

Signed:    **Emmet G. Sullivan**
           **United States District Judge**
           **May 29, 2021**